IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAQUILLE CAMPBELL, | § | |
| | § | No. 474, 2016 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 1507010845 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 3, 2017
Decided: May 8, 2017

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## **O R D E R**

(1)     The appellant, Shaquille Campbell, was found guilty by a jury of Attempted Murder in the First Degree, two counts of Possession of a Deadly Weapon During the Commission of a Felony, Reckless Endangering in the First Degree, and Possession of a Firearm by a Person Prohibited.[1] In this appeal, Campbell raises two issues. First, Campbell argues that the State impermissibly asked a police officer witness five times during two separate exchanges whether statements that an eyewitness, Waynetta Wilson, and the victim, Brian Bey, gave to the police were

---

[1] After trial, the State entered a *nolle prosequi* on the Reckless Endangering in the First Degree charge and related Possession of a Deadly Weapon During the Commission of a Felony charge. App. to Appellant's Opening Br. at A006 (Docket).

consistent with surveillance footage of the incident and their testimony during trial.[2]

Campbell argues that this constituted improper vouching for Wilson and Bey by the police officer witness. But, the State asked these questions five times, and Campbell objected to only one of the police officer witness's responses.[3] Thus, we review for plain error, and we find none.[4] However inartful and irrelevant the questions were, the Superior Court's failure to intervene over what were innocuous questions given the total context within which they were asked is understandable, and there is no conceivable prejudice given the non-inflammatory nature of the questions and the overwhelming evidence against Campbell, including identifications of Campbell by Wilson and Bey and Campbell's own admission that he was in the area before the shooting and had a confrontation with Wilson's cousin. Campbell objected to one response by the police officer witness—that Bey's statement to the police five days after the shooting was consistent with what the police officer witness observed on

---

[2] Although Campbell does not raise this on appeal, during the second exchange, the police officer witness also testified that Bey's statement the night of the shooting that "it all happened so fast" was inconsistent with what he told the police five days later. *Id.* at A095 (Testimony of Det. Ricardo Flores, WPD).

[3] Without objection from Campbell, the police officer witness testified that: i) Bey's and Wilson's trial testimony was "very consistent" with what they told him at the police station; ii) Bey's statement at the police station before reviewing the surveillance footage was "very consistent" with his trial testimony; iii) Bey's statement at the police station, as compared to the surveillance footage, was "[c]onsistent as if he was narrating the video"; and iv) Wilson's statement at the police station was "very consistent" with the surveillance footage. *Id.* at A084, A095 (Testimony of Det. Ricardo Flores, WPD).

[4] Supr. Ct. R. 8; *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) ("Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.").

2

the surveillance footage—on relevancy grounds, which the Superior Court overruled. Because that objection was based on relevancy, not improper vouching, we review for plain error.[5] And, again, there is no conceivable prejudice that would justify reversal.

(2)     Second, Campbell argues that the Superior Court erred when it deferred ruling on his motion for judgment of acquittal of Reckless Endangering in the First Degree and one count of Possession of a Deadly Weapon During the Commission of a Felony at the conclusion of the State's case, and, therefore, forced Campbell to elect whether to testify without knowing whether the Superior Court would grant his motion. Campbell argues that because he presented his motion at the close of the State's case, the Superior Court was required to rule on it under Superior Court Criminal Rule 29(a).[6] This argument is presented in a confusing way given the record. The sequence of events was as follows.[7] After the State rested, the jury was dismissed for lunch. The Superior Court then asked defense counsel "what can I

---

[5] *See Weedon v. State*, 647 A.2d 1078, 1082–83 (Del. 1994) ("A party making an objection to the introduction of evidence must specify a proper basis for exclusion and a failure to do so constitutes waiver for appellate review purposes. Even where an objection is raised, if the argument for exclusion on appeal is not the one raised at trial, absent plain error, the new ground is not properly before the reviewing court." (citations omitted)).

[6] Super. Ct. Crim. R. 29(a) ("The court on motion of a defendant . . . shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.").

[7] The relevant portions of the transcript detailing these events are located in App. to Appellant's Opening Br. at A097–A100 (Motion for Judgment of Acquittal).

3

expect this afternoon from the defendant?"[8]  After conferring with Campbell, defense counsel replied, "[y]our honor, *expect us to rest. As of now, Mr. Campbell does not want to testify.*"[9]  The Superior Court then told defense counsel: "Okay.  He can still – *you have lunchtime to change your mind. What I think you're telling me is that we are then going to get to closing arguments when the jury comes back from lunch?*"[10]  Defense counsel and the State both replied "*[c]orrect.*"[11]  A lunch recess then occurred.  After the parties returned from lunch, but before the jury was brought back in, the Superior Court asked Campbell if he was going to testify or remain silent.  Campbell responded that he would remain silent.  Defense counsel then presented the motion for judgment of acquittal.  The Superior Court decided to defer ruling and let the charges go to the jury.  When the jury was brought back in, the Superior Court asked the defense if it wished to present any evidence so the jury would understand that Campbell was not going to testify and that the evidentiary record was closed.  Defense counsel replied "[n]o.  The defense rests."[12]  That is, the trial judge made sure that the defense's prior decision to rest was memorialized on the record in the jury's presence.

---

[8] *Id.* at A097.
[9] *Id.* (emphasis added).
[10] *Id.* (emphasis added).
[11] *Id.* (emphasis added).
[12] *Id.* at A100.

4

(3)     In alleging that the Superior Court violated Rule 29(a) by deferring its ruling on the motion, Campbell is arguably taking the record out of context. It is quite possible that all parties, including the trial judge, understood that by indicating that Campbell would not testify, the defense in fact intended to rest and present no evidence at all. Thus, when the defense moved for judgment of acquittal after Campbell stated that he would not testify, the trial judge may have assumed that the evidence was closed and therefore thought it was within his discretion to defer ruling on the motion under Rule 29(b).[13] But, as a formal matter, all that Campbell said before the motion for judgment of acquittal was made was that he was not going to testify. Although the trial judge (and in fact, all parties) may have assumed that meant that the defense would not present any evidence and the evidence was in fact closed, that is not what the transcript literally says. And, the State does not argue that Rule 29(b) applies here. Thus, it may be that Campbell has a technical point that the motion should have been ruled on at the time it was presented. Even if we accept this point, we review for plain error because Campbell did not object when the Superior Court decided to defer ruling, and we find none.[14] The argument on appeal is that, by deferring its ruling, the Superior Court impermissibly burdened

[13] Super. Ct. Crim. R. 29(b) ("If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.").
[14] *See supra* note 4.

5

Campbell's decision whether or not to testify. We are not sure how this argument can be fairly made given that the defense moved for judgment of acquittal after Campbell had already decided he would not testify. It contradicts the record and is unfair to the trial judge for Campbell to argue that his decision not to testify was influenced by the Superior Court's decision to defer ruling on the motion. In any event, that argument does not make any sense given that, if the motion was granted, Campbell still would have been exposed to conviction for Attempted Murder in the First Degree, and he had every rational incentive to testify if he thought that was useful to his defense.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

6